# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | 1:11CR43-1 |
| | ) | |
| | ) | |
| JESSE JUNIOR HAND | ) | |

## MEMORANDUM OPINION AND ORDER

A federal grand jury for this district indicted the defendant for possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). (Docket Entry 1.) The case thereafter came before the Court for a hearing on an oral motion for detention by the United States, pursuant to 18 U.S.C. § 3142(f)(1)(E). (See Docket Entry dated Mar. 24, 2011.) At the end of the hearing, the Court stated that it would order the defendant's detention pending disposition of this case because the clear and convincing evidence in the record established that no condition or combination of conditions short of detention would reasonably assure the safety of others and the community. The Court now enters this written order memorializing that ruling as required by 18 U.S.C. § 3142(i)(1).

## BACKGROUND

In advance of the detention hearing, a United States Probation Officer assigned to the Pretrial Services Unit prepared a report regarding the defendant's history, residence, family ties, employment history, financial resources, health (including as it relates to mental health and substance abuse issues), and prior record. Both parties had an opportunity to review that report before the hearing. At the hearing, the defendant declined to

object to any of the factual information in the report, which the Court adopted as its own findings of fact.

In addition, at the detention hearing, the defendant was "afforded an opportunity to testify, to present witnesses, to cross-examine witnesses who appear[ed] at the hearing, and to present information by proffer or otherwise," 18 U.S.C. § 3142(f)(1).  The defendant did not call any witnesses, but did proffer (through his counsel) that his mother was willing to serve as a third-party custodian.  The United States called (and the defendant, through his counsel, cross-examined) a federal law enforcement agent who had reviewed reports related to the matter.

## DISCUSSION

In evaluating the issue of release or detention, the Court has considered the following statutorily-prescribed factors:  "(1) the nature and circumstances of the offense charged . . .; (2) the weight of the evidence against the [defendant]; (3) the history and characteristics of the [defendant] . . .; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the [defendant's] release."  18 U.S.C. § 3142(g). Based on the record before it, the Court makes the following findings of fact and/or conclusions of law:

1) the nature of the offense charged against the defendant is serious, see, e.g., United States v. Williams, 576 F.3d 1149, 1158 (10th Cir. 2009) ("Being a felon in possession of a firearm is a serious offense."); United States v. Stump, 784 F. Supp. 326, 330 (N.D.W. Va. 1992) (describing Section 922(g)(1) as "a serious

federal crime"); 18 U.S.C. § 3142(g)(1) (identifying question of whether offense "involves a . . . firearm" as among important factors in assessment of nature of offense); moreover, the circumstances of the offense involved a risk of danger to others and the community beyond that associated with any possession of a firearm by a felon, in that the evidence before the Court reflects that the defendant possessed the firearm (concealed on his person) during his commission of a larceny from a retail business during its hours of operation, a scenario that could have resulted in an armed confrontation in the presence of bystanders;

2) the weight of the evidence against the defendant is strong, in that: A) upon responding to a report of a disturbance at a retail store, law enforcement officers observed the defendant depart the store, remove a bottle (later determined to contain rubbing alcohol) from underneath his shirt, and pour its contents into the gas tank of a motor vehicle; B) when the law enforcement officers approached and detained the defendant for shoplifting, he reported the presence of a firearm on his person and admitted his status as a felon (which a check of his records confirmed); and C) none of the other elements of the offense appears subject to reasonable dispute; and

3) the history and characteristics of the defendant raise the following concerns regarding the nature and seriousness of the danger his release would present: A) the defendant has prior convictions in the state courts of North Carolina and Virginia for offenses that involved a risk of danger to others and the

community, including assault on a female, discharging a firearm in the city, resisting a public officer, and burglary; B) on multiple occasions, the defendant has committed crimes while on probation and violated probation conditions; C) the instant offense conduct occurred while the defendant was on probation; D) following the defendant's pretrial release on state charges arising from the instant offense conduct, the defendant committed additional crimes of trespassing and larceny; and E) the defendant's criminal record and his statements to the Pretrial Services Unit reflect that the defendant has a substantial history of substance abuse.

Given the serious nature and dangerous circumstances of the instant offense, the strength of the evidence against the defendant, the defendant's prior convictions for offenses that endangered others and the community, the defendant's pattern of committing offenses while on probation and/or pretrial release, and the defendant's history of substance abuse, the record, by clear and convincing evidence, establishes that no available combination of conditions would adequately address the risk of danger to others and to the community that would result from the defendant's release.[1]  In sum, the Court finds no basis to conclude that, while on pretrial release, the defendant would refrain from criminal conduct that endangers others and the community.

---

[1] The defendant's proposal of release to the third-party custody of his mother would not sufficiently mitigate the risk of danger in this case. Dangerous acts of the sort the defendant has engaged in (such as burglary and larceny while armed) can occur quickly (i.e., before the Pretrial Services Unit can react to reported non-compliance).  Third-party custody (or even electronic monitoring) thus would not alleviate the risk posed by the defendant's release.

**IT IS THEREFORE ORDERED** that the oral motion for detention by the United States is **GRANTED**. Pursuant to 18 U.S.C. § 3142(e)(1), the defendant is committed to the custody of the Attorney General of the United States or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

                                      /s/ L. Patrick Auld
                                         **L. Patrick Auld**
                            **United States Magistrate Judge**
March 25, 2011